RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD A. YEAGER and DEANA J. YEAGER, Individually and on behalf of a class of similarly situated individuals, ) ) ) ) ) | Case No.: 1:14-cv-117-MEF- |
| Plaintiffs, ) | DEMAND FOR JURY TRIAL |
| vs. ) ) | CLASS ACTION |
| OCWEN LOAN SERVICING, LLC, ) ) | |
| Defendant. ) | |

DEBRA P. HACKETT, CLK
DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

COME NOW the Plaintiffs, Richard A. Yeager and Deana J. Yeager, (hereafter the "Plaintiffs") and as complaint against the above-named Defendant, Ocwen Loan Servicing, LLC, ("Ocwen") allege as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 § U.S.C. 1331.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PRELIMINARY STATEMENT

3. This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiffs bring this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from

attempts to collect a debt without providing the requisite notice of the consumer's right to dispute the debt. Specifically the defendant's collection letter violates 15 U.S.C. § 1692g(a).

## PARTIES

4.  The Plaintiffs are natural persons and residents of Webb, Alabama. They are "consumers" as defined by 15 U.S.C. § 1692a(3).

5.  Defendant Ocwen is a corporation which is, upon information and belief, incorporated under the laws of the state of Delaware and has its principal place of business in West Palm Beach, Florida. At all relevant times, Ocwen was engaged in business within the State of Alabama, including the collection of debts. Ocwen is regularly engaged in the practice of debt collection.

6.  Ocwen sends collection letters and places collection calls as a regular part of its business.

7.  The mails and interstate wire communications are used to conduct the business of Ocwen.

8.  Ocwen is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9.  Late in the year 2012 Ocwen acquired Homeward Residential Holdings, Inc., ("Homeward") and its various residential mortgage loan servicing and origination operating subsidiaries, for approximately $588 million in cash and $162 million in Ocwen convertible preferred stock.

10. At the time of the acquisition Homeward serviced about 422,000 mortgage loans with an aggregate unpaid principal balance of over $77 billion.

2

11. The servicing rights to Plaintiffs' mortgage loan was among those acquired in the deal.

12. At the time the servicing rights to Plaintiffs' mortgage was acquired by Ocwen their loan was in default or considered to be in default.

13. On or about March 15 or 16, 2013 Ocwen initially contacted Plaintiffs by the use of Exhibit "A."

14. Exhibit "A" was sent in in connection with the collection of Plaintiffs' mortgage loan.

15. Exhibit "A," even though it states on the third page that Ocwen is a debt collector and any information obtained will be used for that purpose, violates the FDCPA, Section 1692g, in at least the following ways:

   a. It does not state the amount of the debt;

   b. The name of the creditor to whom the debt is owed is not disclosed;

   c. There is no "statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;"

   d. The letter does contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;" and

   e. There is no "statement that, upon the consumer's written request within the

3

thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

16. The letter dated March 15, 2013 was Ocwen's initial contact with Plaintiffs and Plaintiffs received no other communication or written notice within five days that complied with 15 U.S.C. § 1692g.

## COUNT ONE
## (FDCPA VIOLATIONS)

17. Plaintiffs reallege and incorporate all of the preceding paragraphs as if fully set out herein.

18. This is a claim asserted against Ocwen for violation of the FDCPA.

19. Ocwen is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

20. Ocwen has violated the FDCPA in connection with its attempts to collect the account from Plaintiffs. Ocwen's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. § 1692g.

21. As a result of its violations of the FDCPA, Ocwen is liable to Plaintiffs for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant Ocwen for the following:

A. Statutory damages pursuant to 15 U.S.C. 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
## (CLASS ACTION ALLEGATIONS)

22. Plaintiffs reallege and adopt all of the relevant foregoing paragraphs contained in this complaint.

23. Plaintiffs pray that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and reallege and incorporate by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

24. Plaintiffs bring this action on behalf of themselves and all members of the class composed of persons who have been subjected to collection activity by Ocwen that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

25. The class is specifically defined as follows:

All natural persons in the United States who were sent the letter dated March 15, 2013, exemplified by Exhibit "A," by Ocwen. Excluded from the Class are: (a) Ocwen's board members and executive level officers, including its attorneys; (b) all federal judges, their spouses, and persons within the third degree of relationship to them.

26. The class is so numerous, that joinder of all members is impractical. Plaintiffs aver that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiffs further aver that their claims or defenses, as representative of the class, are typical of the class. Plaintiffs, in a representative capacity, will fairly and adequately protect the interest of the class.

27. Each class member has, or has been subjected to the same collection activity in

violation of the FDCPA.

28. Names and addresses of class members are presently unknown to Plaintiffs, but can be readily ascertained from the Defendant's business records.

29. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

> A. Does the form collection letter sent to Plaintiffs and members of the class violate the FDCPA by failing to include the disclosures and information required by 15 U.S.C. §1692g;
>
> B. What is the appropriate remedy for Ocwen's violation of the FDCPA?

30. Proof of common facts and legal doctrines by the representative Plaintiffs consumer will determine the claims of each member of the class.

31. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

32. The named representatives' claims are typical and representative of the class.

33. It is and was the practice of Ocwen to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated pray as follows:

> a. That this court determine that this cause may proceed as a class action, that Plaintiffs be appointed as class representative, that the undersigned be appointed as the attorney for the class.

  b.  That this court award Plaintiffs and the members of the class statutory damages as required by the FDCPA.

  c.  That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiffs and the Plaintiffs' Classes.

RESPECTFULLY SUBMITTED, this the 21st day of February 2014.

            EARL P. UNDERWOOD, JR. (UNDEE6591)
            Underwood & Riemer, PC
            Attorneys for Richard and Deana Yeager
            21 South Section Street
            Fairhope, Alabama 36532
            Telephone: (251) 990-5558
            Facsimile: (251) 990-0626
            E-mail: epunderwood@alalaaw.com

**PLAINTIFFS DEMANDS A TRIAL BY JURY**

            EARL P. UNDERWOOD, JR.

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

OCWEN LOAN SERVICING, LLC
C/O CSC LAWYERS INCORPORATING SVC INC.
150 S PERRY ST
MONTGOMERY, AL 36104

7