IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD A. YEAGER and        )<br>DEANA J. YEAGER,             )<br>individually and on behalf  )<br>of a class of similarly     )<br>situated individuals,       )<br>                             )<br>    Plaintiffs,             )<br>                             )<br>    v.                       )<br>                             )<br>OCWEN LOAN SERVICING, LLC,   )<br>                             )<br>    Defendant.               )  | CIVIL ACTION NO.<br>1:14cv117-MHT<br>(WO) |

OPINION AND ORDER

Plaintiffs Richard A. Yeager and Deana J. Yeager bring claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 through 1692p, against defendant Ocwen Loan Servicing, LLC for failing to provide a notice of debt validation required to be provided under the statute. This case is before the court on the recommendation of the United States Magistrate Judge that Ocwen Loan's motion for judgment on the pleadings be denied. Also before the court are Ocwen Loan's objections to the recommendation and its included

alternative motion to certify for interlocutory appeal. After an independent and de novo review of the record, the court is of the opinion that the objection should be overruled, the recommendation adopted, and the motions denied, with leave to Ocwen Loan to renew its standing arguments at any time after the Supreme Court's decision in Spokeo, and to renew its remaining arguments on a motion for summary judgment.*

---

\*   The court pauses here to note that it is disturbed by defense counsel's repeated mischaracterizations of the magistrate judge's findings and reasoning.  For example, defense counsel represents that Judge Greene "acknowledges that the Eleventh Circuit has held that Article III requires more than a statutory violation to create standing," and suggests that he ignores the law in spite of this acknowledgement.  Objection (doc. no. 34) at 3.  Yet what defense counsel characterizes as an acknowledgement was simply the magistrate judge's setting forth Ocwen Loan's argument; by doing so, the magistrate judge acknowledged only that the argument had been made.  Worse, Ocwen Loan argues at length that the magistrate judge recommended denying Ocwen Loan's motion "because he believes factual development is necessary to determine whether any of the prior servicers of Yeagers' loan sent them a debt validation notice."  Id. at 6.  That is false.  What the magistrate judge actually wrote is that discovery is needed to determine whether the prior servicer was
(continued)

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant's objections (doc. no. 34) are overruled.

(2) The United States Magistrate Judge's recommendation (doc. no. 33) is adopted.

required to send a debt-validation notice, not whether it had sent one before. Report and Recommendation (doc. no. 33) at 10. As Ocwen Loan is surely aware, not all prior mortgage servicers are "debt collectors" under the FDCPA that are required to send such notices. See, e.g., Bentley v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (Dimitrouleas, J.) (FDCPA "explicitly excludes [from the definition of debt collector] mortgage servicing companies where the debt was not in default at the time it was assigned"). Nothing in the complaint allows this court to determine whether the prior servicer was a "debt collector" under the FDCPA that accordingly would have been required to send a debt-validation notice. The magistrate judge simply observed that discovery is required to determine whether Ocwen Loan was the first "debt collector" as defined by the FDCPA, and therefore whether it may have had the obligation to provide the debt-validation notice. While the court assumes that these mischaracterizations are the result of misunderstanding, sloppiness, or overzealousness rather than an attempt at deception, counsel would be wise to take greater care in characterizing the writings of a fellow judge before this court.

(3) Defendant's motion for judgment on the pleadings (doc. no. 27) is denied, albeit with leave to renew its arguments as set forth above.

(4) Defendant's alternate motion for certification pursuant to 28 U.S.C. § 1292(b) (doc. no. 34) is denied.

(5) This case is referred back to the magistrate judge for further proceedings.

DONE, this the 3rd day of May, 2016.

                    /s/ Myron H. Thompson
                    **UNITED STATES DISTRICT JUDGE**